United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this honorable court. Good morning, ladies and gentlemen. We have one case to be argued this morning, three others to be decided on the briefs. The case to be argued, if I mispronounce it, the name, Mr. Gould will correct me, Akpeneye, 2020-16-22. Please proceed, Mr. Gould. Thank you, your honor. May it please the court, I'm Jonathan Gould, I represent the plaintiffs in this case. When analyzing the totality of circumstances as to who benefits from an employee's meal break, the law says you're supposed to look at the combined effect of all the restrictions on the plaintiffs during the break and not individualize them. Here, the claims court didn't do that and although it said it did, it individualized each one of the restrictions on the plaintiff. Mr. Gould, do you think the proper test is the predominant benefits test? I do, your honor, with one caveat and that is, it does not mean that the DOL and OPM regulations should not be considered, specifically the parts in which they advise employers that if you don't completely relieve someone from duty, then you have some obligations to consider paying them for their meal breaks. But the claims court applied predominant benefits tests and found that the times when officers had to perform duties were short in duration, they weren't required to eat in the Pentagon and these were uncontested facts, so why wasn't it correct that she ruled on summary judgment that under the predominant benefits test, the breaks were predominantly for the benefit of the officers? Because she did not, it was not in the record, the facts did not support the fact that they were absolutely free to roam wherever they pleased and at every opportunity. The chief testified that they could not congregate, they could not do personal errands, they could not interact, therefore, with members of the public unless they were approached to perform a duty such as, and there was testimony to this effect, where they had to give directions. So they were performing some duties, not on all breaks, it was intermittent, but they were also restricted in that they could only be in certain places at between the cases in which, cited by the court, in which officers or firefighters or other employees are in uniform, armed, and the only restrictions on them is that they are subject to callback or that they have to monitor their radios to be subject to callback. So our case is different. Also, I'm sorry, go ahead, go ahead, Judge. What your answer was to Judge Lurie's question about the difference between completely relieved and predominant benefit. The regulations do talk about completely relieved, but they're not, by their own terms, binding on us. Do you agree that the predominant benefit test as applied by the vast majority of circuits is the right test that we should be applying? I don't necessarily agree with the test personally, Judge, but I don't think your question is what has the court said. The Court of Claims seems to have applied, not only in this case, but in previous cases, which I understand, at least at this point, constitute precedent for the Court of Appeals, a predominant benefits test. So I accept the test. I just don't accept the application of the test to the facts of this case and the way that the court ignored the regulation, the way the regulation should properly interact with that test. So the cases which are relying on the standby cases, it seems to me, particularly the Armour case and the Skidmore case in the Supreme Court, seem to involve very different circumstances. That is, they involve situations in which the employee is on standby and hasn't been relieved by anybody else. Do you agree that it makes a significant difference that these officers were relieved while they were on break? I believe that could be one element that supports the employer, but the case should not stand or fall on that because they were still on standby, and the regulations also talk about idle time. So it's not just standby, it's idleness. So that even when someone is idle, they could be providing a benefit to their employer, and in this case, they did. They had to be ever vigilant. They had to monitor their radios. They actually were subject to checks on their radios, and they had to be ready to support any emergency while they were on break, and they were restricted in the way that they could interact with people and other officers at the Pentagon. Also, you can't, and the court did not look at the particular ICE environment that you have at the Pentagon. This is the most highly secured military facility in the United States. And if you look at the cases, such as the Lindell case, the older cases, but cases where in wartime, such as the Culkin case, where security was key, you'll see that the same, as opposed to cases where you're not in a highly secured environment, you'll see that these personal restrictions, in addition to all the other restrictions, which the court just seems to pick off as if they don't exist or aren't important, such as remaining in uniform, being armed, again, insufficient in and of themselves, but combined with the restrictions on the personal errands and other parts of their time, and also with regard to the fact that they, on occasion and intermittently, but often enough, were required to perform active police duties during their breaks. Mr. Gould, did I hear you accurately? Did you say that we were bound by the predominant benefits test? And if so, what... It does seem... Yes, if you accept the court of claims, the Anya case, which was affirmed without test, so if you consider that precedent finding, yes, and I do also concede that the majority of courts, except perhaps the 11th Circuit, have used that test. And so I've indicated that, I thought fairly clearly, but maybe not clearly enough, that that is the test that we are applying in this case, and that should apply, but we also feel that we've met that test. Mr. Gould, excuse me, this is Judge Schall here. I have what I guess I would call a mechanical type question, to understand the background here. As I understand, the officers work either a 12-and-a-half-hour shift or an 8-and-a-half-hour shift, is that correct? That is correct, Judge. And if you're on a 12-and-a-half-hour shift, you get three breaks. If you're on an 8-and-a-half-hour shift, you get two breaks, right? Correct. And I guess, from what I'm understanding, the way this mechanically works is, the officers, if you're on a 12-and-a-half-hour shift, you automatically get paid for two shifts, and if you're on an 8-and-a-half-hour shift, you automatically get paid for one shift, for one break, is that correct? Essentially, yes, although, a better way of looking at it, Judge, is that you just don't, you are on duty for 8-and-a-half-hours for the shorter shifts, and you get paid for eight hours, and for the longer shifts, you're on duty for 12-and-a-half-hours, and you get paid for 12. I don't think there's a specific delineation as to which part of the, which part of your breaks are being deducted from your pay. But in the 8-and-a-half-hour shift, you get two 35-minute breaks, correct? Correct, correct. And you're paid for one of those? You pay for one, plus, I guess, an extra five minutes. Okay. So, 35 minutes. Mr. Gould, you talk about all the various factors here, which are weighed in determining the result under the predominant benefit test. Is the weighing of those various factors a legal question, or a factual question? It's an application of the facts to the law, so I think both sides have indicated that that's a legal question for the court to decide, unless there are significant material facts in dispute, which I think we contend there are not. I believe the government supports us in that, but we'll, I guess we'll hear from Ms. Cruiser on that, but that's my understanding. Except for the instance of Chief Cussey's testimony regarding their duty status, whether they're completely relieved or just on call. But as we've indicated, since Chief Cussey was the 30B6 witness, then he's made an evidentiary admission that they're never completely relieved from duty during the time that they're on breaks, as opposed to being on call. And that is a significant factor that the court ignored and claimed was immaterial. Again, it's not a factor in and of itself that indicates the plaintiff should win, but there's a factor that needs to be considered. If the Pentagon was not getting some benefit of these, and security value of these officers being at the Pentagon at all times, and being ready to support any contingency or emergency, why didn't they just relieve them from duty for 30 minutes? They could have easily done that. So they obviously were receiving some benefit from that. Counsel, I'm asking, you said we apply facts to the law. Isn't it the reverse? We apply law to facts? I guess that's the difference. That's a technical question. We needn't struggle with it. I think I'd like it. Is the glass half empty or half full, I guess, Judge? Right. My answer wouldn't matter, whichever. If I misspoke, I apologize, whether you're applying facts to law or law to facts. I guess you are applying law to facts, but it would be the same answer. Yeah. And I know it's difficult operating telephonically, but please try to be sensitive to a judge asking a question and stop and listen. And I think we heard your warning sign go on. Yes. And if you don't have any further questions, I'll reserve the rest for rebuttal. Thank you, Your Honors. We will do that. Ms. Kruse. Yes, Your Honors. May it please the court. The appellants challenged the Court of Federal Claims' decision on summary judgment. But even with all of the circumstances described by the officers and stated in the record, they remain the predominant beneficiary of their meal breaks as a matter of law. And I also, before I go any further, I'd like to correct. Is the weight of those various factors a legal question? The application of law to the facts, is that a legal question? As the trial court noted, on summary judgment, the court will determine whether the undisputed fact established as a matter of law that the meal breaks are for what party benefits. To determine what counts as the predominant benefit one way or the other is a legal question based on if there's any disputed facts. Well, so the weighing, if the facts are undisputed, the weighing of the various facts is a legal question. The weighing of the various factors would be based on different case law and, you know, is, for example, carrying a radio... Try to answer my question. Is the weighing of the various factors, the application of the law to the undisputed facts, a legal question? Yes, I believe so, Your Honor. If I may continue, I would just like to correct a statement that opposing counsel made where he indicated that the officers are not allowed to interact with the public or to not run errands. As we've tried to correct this in our brief, and as the trial court held, that's simply not an accurate description of the officer's situation. They are able to appear in public and interact with members of the public, and they can run errands. Chief Crusay actually testified that they can conduct personal business as they wish. So I just wanted to correct that statement. And going back to the test, the trial court did use the Tourette's standard to determine whether the officers received bonafide meal breaks. I'm hearing from Mr. Gould's argument that he says they argue that the predominant benefit test should be used, but the court should consider that they were not completely relieved from duty. And that seems to be still applying the Department of Labor interpretive regulations, just calling the predominant benefit test. And the trial court correctly understood that they did not need to grant the officers compensation if they have any restrictions or duties on their time whatsoever. The trial court recognized that it needed to determine which, as a matter of law, which party benefited the most. So as the tort of claims, the tort of federal claims, and many other surrogate courts have not required an employer to completely relieve an employee from duty during meal breaks. And this issue of whether they're completely relieved from duty or not is simply a question of semantics at this point. If there's nothing, as the trial court properly recognized, there's, it's not a material fact what the duty status is called by the agency, whether it's on duty or on call or being called back to duty during a break. The undisputed facts are that they are on their post during their paid time. Then they are relieved by a brazier officer who takes over that post. Then they go on their break, and they have the potential to be called back from the break during an emergency. The question of what semantically that status is called by the agency, the trial court recognized that was not a material fact, and it considered what the officers do on their break instead of simply what it's called. And that was correct. The trial court did not err in relation to anything evidentiary. The officers... Is it not the case that the officers testified they couldn't recall a time when they were interrupted on both breaks in an eight and a half hour shift? Yes, Your Honor. There is many, there were many instances in the record as the trial court recognized that in their depositions that they had shifts when they were not interrupted, or they had at least one interrupted break. Some of them could not recall being interrupted for long periods of time. So, yes. But you're not answering my question. Is it correct that no officer testified that he or she was interrupted on both breaks? Sorry, I'm trying to parse out the double negative there, Your Honor. I believe some officers did testify that they had been interrupted on both breaks on intermittent occasions, yes. Does that... Do you have a cite to the Court of Federal Claims opinion for that? Proposition. I believe that, looking at the, there's a section, and I'm turning it on Appendix 30, the tort discusses the nature of the interruptions faced by the officers. And, you know, it's discussing that they have some generally shorter and frequent interruptions, but in general, they admit they had shifts where they were never interrupted, or they had at least one interrupted break per shift. Ms. Cruz, do you agree that, or do you think we're bound by the statute of limitations by any precedent regarding the predominant benefits? This is a somewhat complicated answer, Your Honor, so I apologize for that. The issue here is that there has not been a, I would say, a clear statement from this court regarding this statute as to what the test is. And Baylor, that was in the context of the federal, that was from the Court of Claims in the context of the Federal Employee Pay Act. And in that case, the court didn't require compensation for breaks, and thus the employee's free time was substantially reduced. Now, this was used, this formulation was used in the FLSA context in Agner, which was affirmed without opinion by this court, but I believe that's, you know, that's unreported. So, there's certainly precedent that the employer is not required to completely relieve an employee, but as to specifically the, for the FLSA in terms of, you know, whether it's predominant, how it predominantly benefits and how that folds in these cases about the time being substantially reduced, I would say that there is not a particular finding case specifically saying that, because... Well, if we adopt that principle here, does that mean we need to invalidate the 785-19 completely relieved regulation? No, Your Honor, because cases from other circuits have interpreted that completely relieved standard to mean the predominant, that an employee is completely relieved when they're performing duties that predominantly benefit themselves. It's not necessary to invalidate it or say it's not being followed. It's that this court can recognize that, and also as the trial court did, folding in the Baylor, Amold, and Agner cases that use this, the formula of substantially reduced, courts have recognized in other circuits, like the Fifth Circuit, that when an officer is not substantially relieved from duties, they're following their own pursuits, and when they're following their own pursuits, then they're pursuing activities that benefit themselves and they're predominantly benefiting. So as the trial court explained, these formulas have the same effect, which is determining which party predominantly benefits. The complete relief, the literal language of the regulation is simply inflexible and has not been followed literally. So this court can follow that and say that it's not invalidating that, but it's an interpretive regulation and it doesn't need to be taken literally. The regulation says that any duty, whether active or inactive, requires compensation, and that would mean even listening to a radio during break could be an inactive duty. It's simply not a practical standard and it doesn't comport with the Supreme Court definition of work or the armor test that the Supreme Court laid out there. Excuse me, this is Judge Schall here. You've been addressing the predominant benefit standard in response to Judge Lurie's question, and you heard what Mr. Gould had to say. At page 24 of his brief, Mr. Gould says that the predominant benefit test comes in as an exception to the FLSA completely relief from duty standard when you have the situation of a law enforcement officer and he or she must remain in uniform during their break time or their meal time. Do you agree with what that approach that Mr. Gould lays out at page 24 of his brief, or do you understand him at oral argument now to be saying, well, the predominant benefit test applies flat across the board? To answer the first part of that question, Your Honor, no, we do not agree with his framing of it on page 24. That's a, I would say, unique interpretation. There's no case that frames the predominant benefit test as an exception to the completely relief from duty standard. And there's also numerous cases holding that employees who are remaining in uniform subject to emergency callback and have to talk to citizens are predominantly benefiting from their time. That's not a set of facts that asserts some sort of exception. As to what I'm hearing today at oral argument, I understand he's using the words predominantly benefit, but he seems to still be attaching some sort of weight to whether semantically an agency relieves an officer from duty, what they're calling that status. And, you know, if Chief Couset testified that he did not believe there was a time the officers were completely relieved from duty. So the appellant seemed to be putting great weight on just the terminology being used and saying that trumps everything else, that the court shouldn't consider what they're actually doing during the breaks. And we disagree with that. What, if an agency's calling it, calling the break though that you're on call, it doesn't mean they're benefiting any more or less if they call it being on duty or not. The trial court properly looked at the totality of what the officers were responsible for and what they could personally do during breaks. So the predominant benefit test is more than just using the words duty or not. So you're saying the predominant, it's the predominant benefit test right from the start with no ifs, ands, or buts. Yes. Yes, Your Honor. Thank you. And also just to clarify something about Chief Couset's testimony, the agency is not bound by any legal conclusions of a 30B6. And also I'd like to point out that the trial court is not bound by any testimony of a 30B6. As we pointed out in our briefs, the King case explains this very well, but the court still has to apply the law and resolve legal issues independently of what the agency is of Rule 30B6 deponent says. So this idea that Chief Couset can say, oh, I don't think the officers are completely relieved from duty. Now, in the next sentence, he says, I think they get bona fide meal breaks. So the officers clearly don't want to rely on that part of his testimony. But simply what the deponent calls the breaks is not dispositive. The court properly looked at all of the totality of the circumstances issues. The trial court did not ignore any cases. The cases raised by the officers are easily distinguishable. The Armour and Skidmore cases for the Supreme Court, as your honors noted, both of those cases were about the basic idea that waiting in some circumstances can be work at all. It's not precluded under the FLSA from being work simply because you're not producing something in a factory. Neither of those cases are about meal breaks. The officers would like to say, well, idle time can be paid in some circumstances. And we're idle during our breaks. So therefore, pay us. And that skips the entire predominant benefit analysis laid out in Armour and Skidmore. If there's no- Where does the burden of proof fall? On which side does the burden of proof fall on predominant benefits? As the trial court noted, this court has not officially determined that. But the trial court found persuasive the Eighth Circuit's determination that the employee should have the burden because they best know what they're doing during their breaks. And if the burden was placed on the employer, that would paradoxically require them to supervise the breaks more heavily just to know what they're doing. So we would request that this court find that persuasive as well. I think I'm almost out of my time. If there's no further questions, Your Honors, I would conclude and say that this court should affirm. Thank you. Thank you. Mr. Gould, has some rebuttal time left? Yes. Thank you, Your Honor. Can you hear me? I've taken myself off mute. Yes, I can hear you. Okay, great. Great. First, with regard to Chief Kruse's testimony that Attorney Kruse brought up. Again, it's an evidentiary admission. Whatever he said about being a bona fide meal break, that would be a legal conclusion. Of course, he's not qualified to make. But he's the chief of the department. And he, as a matter of fact, can make some rules about what an officer's status is while they're on break. And his rule is that they're not completely relieved from duty, that they cannot loaf, which I thought a break that I always understood is that you were allowed to loaf. That was the purpose of a break. And they have to be seen at all times, including on break, as being diligent in their duties. So if these are the requirements of the Pentagon, there must have been a benefit that Chief Kruse and all the other administration that the Pentagon thought they were getting. And indeed, they were getting by having these officers, having this force at the Pentagon to prevent intrusions, to take care of emergencies, even if they didn't arise all the time. And the ironic thing is that because there were so many officers available to do that, at times, they didn't arise very often. And we can see that. We have a situation here where in an eight and a half hour shift, they're two 35-minute breaks. As long as they have one 30-minute break during that period, there's no obligation to pay overtime, correct? Right. As long as it's completely relieved from duty and the employer's receiving no benefits from whatever is occurring on the break, that is correct, Your Honor. As to the restrictions on personal errands, I refer you to the appendix on that, to Chief Kruse's testimony. I wouldn't have enough time to go through it. But it starts at page 208 and 209. And the important point is that although there was a question about that included shoe shines and other personal errands as examples, the court read it. His testimony is being limited to shoe shines. But that doesn't make any sense, even if it was responsive to that question. It has to be greater than that. Because any other personal errand that an officer might be running would put him in contact with someone else, either a member of the public or another officer. And since he couldn't be seen doing that, obviously anything else, any other personal errand he could run during a break was impossible or violated the rules. So it's not only what Chief Kruse said. It's his description of the rule in his deposition that supports that. And the court erred in ignoring all of that or at least minimizing the importance of it. As to the issue about the exception that was brought up, there is the Naylor case that which is the only case that has a long discussion of this. And it did seem to indicate that it was an exception to the regulation. And the burden of proof would be on the defense in that situation. So there is one case that has spoken to that. But again, I don't think that's dispositive. Whichever way the court comes out on that issue, if you feel you need to reach it, I think the plaintiffs are successful no matter who has the burden of proof here. Because I think the facts were largely undisputed. And the only disputed one, since the court has to take a reasonable view of the evidence. And when you have a 30B6 witness as the chief of the department telling you what the rule is, it really can't be disputed from an evidentiary point of view. That's our point. And we keep being accused of making it seem like that that's conclusive on the court. It's not conclusive. But it is an element that the court neglected to consider. And it's an important element. Because without asking yourself that question, why is it the Pentagon requires these people to be on duty at all times? It must be getting a benefit out of it. And it is getting a benefit out of it. Because they're ready at any point in time. And there's an appearance for the public, the security of the public is also assured in that way. And that they're assured that there's an armed force there at all times to protect the Pentagon from any intrusions, like it's had in the past on many occasions, and could therefore have again in the future. So that's the reason. It is an inference that the court may have to draw from the facts, but it's pretty clear what the environment is. And the court didn't even address it. And so that's also an error. And also, it affects how this court might look at the wait or idle time. Obviously, if they're waiting to be called for an emergency, or they're idle in order to assist in securing, in making the public feel secure and actually making the Pentagon being secure, that's a benefit to the Pentagon during their meal breaks for which they should be paid. So for all those reasons, your honors, we submit to you that you should reverse the court of claims decision and rule that the plaintiff's motion for partial summary judgment should have been affirmed and send it back for other issues that we've indicated on liquidated damages and willfulness, and the actual damages that still need to be calculated. I don't have anything further for the court, your honors, if there's any other questions. If not, thank you for listening to me under these difficult circumstances. Thank you, counsel. We appreciate the arguments of both counsel in the cases submitted. Thank you. Thank you, your honors. The honorable court is adjourned until tomorrow morning at 10 a.m.